UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GREGORY BOGAN,

      Plaintiff,

   v.

DAVID L. RUNNELS, et al.,

      Defendants.

_____/

NO. CIV. S-02-1408 FCD KJM P

MEMORANDUM AND ORDER

----oo0oo----

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On August 30, 2005, the magistrate judge filed findings and recommendations granting in part and denying in part defendants' motion for summary judgment.  Defendants' motion was granted as

to all defendants except defendant Mericle.[1]  Said findings and
recommendations were served on all parties and contained notice
that any objections thereto were to be filed within twenty days.
On September 21, 2005, defendants received an extension of time
to object, and as permitted, filed their objections on October 3,
2005.  Plaintiff did not file objections and did not file a
response to defendants' objections.

     In accordance with the provisions of 28 U.S.C.
§ 636(b)(1)(C) and Local Rule 72-304, this court has conducted a
*de novo* review of this case.  Having carefully reviewed the
entire file, the court declines to adopt the findings and
recommendations with respect to the denial of the motion for
summary judgment as to defendant Mericle; in all other respects,
the court adopts the findings and recommendations.  Therefore,
for the reasons set forth below, defendants' motion for summary
judgment is GRANTED in its entirety.

     Plaintiff alleges that defendant Mericle violated his Eighth
Amendment right against cruel and unusual punishment when Mericle
was deliberately indifferent in treating plaintiff's significant
shoulder injury.  The Eighth Amendment protects against cruel and
unusual punishment.  U.S. Const. amend. VIII.  Cruel and unusual
punishment occurs in the medical context, if the mistreatment
rises to the level of deliberate indifference to serious medical

---

[1]     The magistrate judge construed defendants Runnels and
Briddle's motion for summary judgment as a motion to dismiss,
ultimately granting the motion on the ground that plaintiff did
not exhaust his administrative remedies.  F&R at 2:1-4:9.  As to
defendant Baron, the magistrate judge granted summary judgment in
his favor, finding that Baron did not act deliberately
indifferent to plaintiff's medical needs.  F&R at 9:15-22.

1  needs.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104.  Thus, the court

2  must resolve two inquiries: 1) whether Mericle acted with

3  deliberate indifference and 2) whether plaintiff had serious

4  medical needs.

5      An official is deliberately indifferent when he knows of and

6  disregards an excessive risk to inmate health or safety, or is

7  aware of facts from which an inference could be drawn that a

8  substantial risk of serious harm exists, and he draws the

9  inference.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  "A

10  defendant must purposefully ignore or fail to respond to a

11  prisoner's pain or possible medical need in order for deliberate

12  indifference to be established."  <u>McGuckin v. Smith</u>, 974 F.2d

13  1050, 1060 (9th Cir. 1992) (overrulled on other grounds).

14      A serious need for medical treatment is required in addition

15  to deliberate indifference for a finding of cruel and unusual

16  punishment.  "The existence of an injury that a reasonable doctor

17  or patient would find important and worthy of comment or

18  treatment; the presence of a medical condition that significantly

19  affects an individual's daily activities; or the existence of

20  chronic and substantial pain are examples of indications that a

21  prisoner has a serious need for medical treatment."  <u>Id.</u> at 1059-

22  1060 (internal citations and quotations omitted).

23      Plaintiff alleges that defendant Mericle was deliberately

24  indifferent to his serious medical needs in delaying referral to

25  an orthopedist for plaintiff's shoulder condition, which

26  ultimately led to atrophy of his arm.  Delay that causes

27  significant harm is sufficient to constitute cruel and unusual

28  punishment violative of the Eighth Amendment.  <u>See</u> <u>Hunt v. Dental</u>

3

1   Dep't, 865 F.2d 198, 201 (9th Cir. 1989) (concluding a delay of

2   dental treatment for three months is sufficient for a finding of

3   deliberate indifference); Broughton v. Cutter Laboratories, 622

4   F.2d 458, 460 (9th Cir. 1980) (finding it possible that a delay

5   of treatment for six days could constitute deliberate

6   indifference).

7        The magistrate judge found that defendant Mericle was

8   deliberately indifferent in treating plaintiff's shoulder injury

9   since "*nothing* was done beyond a prescription for pain relievers

10  for a condition that ultimately led to the atrophy of the arm."

11  (F & R at 9:3-9:5.)  Such a finding does not fairly characterize

12  Mericle's treatment of plaintiff.

13       Mericle provided treatment to plaintiff on a number of

14  occasions following the subject incident on May 11, 2001 when

15  plaintiff was stabbed in the tricep.  Mericle treated plaintiff

16  on June 18, 2001 because plaintiff claimed that he was losing

17  weight and had cancer.  Ten days later, Mericle prescribed pain

18  medication and treated plaintiff for pain he complained of in his

19  middle finger.  On July 3, 2001, plaintiff first complained of

20  his shoulder pain to Mericle, who in response, prescribed Motrin

21  and ordered plaintiff to schedule a check up appointment.  In

22  late July 2001, plaintiff complained of shortness of breath and

23  pain in his shoulder, to which Mericle treated his ailments,

24  ordered tests, and conducted an x-ray.  On August 7, 2001,

25  Mericle had a follow-up examination with plaintiff regarding his

26  asthma condition.  Thereafter on September 10, 2003, Mericle

27  evaluated plaintiff's asthma and shoulder problems and

28  administered an injection two days later, which relieved

4

1  plaintiff's shoulder pain for roughly 24 hours.  Mericle again

2  examined plaintiff's shoulder injury on September 24, 2001,

3  ordered an x-ray and referred him to an orthopedist, who (albeit

4  fortuitously) had also been treating plaintiff for the same

5  shoulder injury (on May 21, 2001 and again on August 20, 2001).

6  Plaintiff was examined by the orthopedist, pursuant to Mericle's

7  referral, on October 26, 2001.

8       In total, Mericle treated plaintiff *eight* times after he was

9  stabbed on May 11, 2001.  Moreover, it is notable that while the

10 magistrate judge focused on Mericle's delay in referring

11 plaintiff to the orthopedist, the orthopedist had treated

12 plaintiff twice before Mericle formally made the referral to him.

13 As such, <u>Hunt</u> and <u>Broughton</u>, which provide that delay can

14 constitute deliberate indifference are inapplicable to the

15 instant case, because contrary to those cases, Mericle *timely*

16 treated plaintiff for the shoulder injury he suffered.  <u>See</u>

17 <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988)

18 (finding no delay where record demonstrated the defendants were

19 attentive to the plaintiff's medical needs).  A reasonable trier

20 of fact could not find that Mericle acted deliberately

21 indifferent to plaintiff's medical needs by treating plaintiff

22 eight times for a variety of aliments between June and September

23 2001, prescribing medication on three separate occasions to

24 alleviate his shoulder pain, and employing various tests and

25 procedures to further evaluate the scope of plaintiff's shoulder

26 injury, ultimately resulting in a referral to a specialist (all

27 within a 75 day period).

28

1   Because the court finds that defendant Mericle did not act
2   deliberately indifferent in treating plaintiff's shoulder injury,
3   the court GRANTS defendants' motion for summary judgment in its
4   entirety.

5        IT IS SO ORDERED.
6   DATED: October 19, 2005

7

8   _____          /s/ Frank C. Damrell Jr.
                                        FRANK C. DAMRELL, Jr.
9                                       UNITED STATES DISTRICT JUDGE